J-A18026-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| DAVID P. TENER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARK D. PAVINICH, TRUSTEE OF THE ANTHONY S. PAVINICH AND VIRGINIA K. PAVINICH IRREVOCABLE TRUST DATED JUNE 23, 2008 | |
| Appellee | No. 83 WDA 2017 |

Appeal from the Order December 12, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-13-015688

BEFORE: BOWES, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.: FILED OCTOBER 25, 2017

David P. Tener appeals from the order, entered in the Court of Common Pleas of Allegheny County, granting summary judgment in favor of Mark D. Pavinich. After review, we affirm.

In 1985, Anthony and Virginia Pavinich purchased a three-story single family home located at 1714 Jane Street, Pittsburgh ("the Property") in a neighborhood known as the Southside Flats; the Property was built in 1900. In 2004, the Pavinichs renovated the Property, transforming it into two rental units, one occupying the first and second stories and another occupying the third story. Mark Pavinich ("Pavinich"), at the request of his father, Anthony Pavinich, acted as the subcontractor on the project. Pavinich obtained all

necessary building permits and hired certified contractors; the completed renovation passed inspections by the Pittsburgh Building Inspection Department and the Allegheny County Health Department. All of the renovation were in compliance with the City of Pittsburgh building codes in use at the time. In 2006, following completion of the renovation, the City of Pittsburgh issued Pavinich occupancy permits for both rental units. In 2008, Anthony Pavinich passed away and the Property was transferred to an irrevocable trust, of which Pavinich is the acting trustee.

In 2012, Pavinich listed the Property for sale for $299,000.00. Tener, who was interested in purchasing the Property as a rental property, personally inspected the Property and retained an inspector to further evaluate the state of the Property. On October 26, 2012, Pavinich and Tener closed on the sale of the Property for a negotiated price of $250,000.00. In 2013, Tener began renovating the third-floor apartment, during which it was revealed that the building was not up to the current building code. Specifically, Tener alleges the floor joist, the second-floor dry wall, and the installation of plumbing and electrical components did not comply with the 2009 building codes. Tener spent approximately $80,000.00 on the renovation, which were performed in compliance with the then current building codes.

Upon discovering the Property was not in compliance with the applicable building code, Tener alleged that Pavinich intentionally misled him in order to induce him into purchasing the property. Subsequently, Tener filed a

complaint seeking $82,000.00 in damages.[1] Pavinich denied all of the allegations in Tener's complaint and, on June 13, 2016, filed a motion for summary judgment. On December 12, 2016, following a hearing, the trial court granted Pavinich's motion for summary judgment. On January 11, 2017, Tener filed a timely notice of appeal. Both Tener and the trial court have complied with Pa.R.A.P. 1925. On appeal, Tener raises the following issue:

> Did the [t]rial [c]ourt err in determining that there was no genuine issue of material fact as to whether or not Appellee had violated an applicable building code prior to his sale of a rental property to [Tener], and in granting summary judgment on that basis?

Brief of Appellant, at 2.

Our standard of review in examining an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. Mee v. Safeco Ins. Co. of Am., 908 A.2d 344, 347 (Pa. Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

Miller v. Sacred Heart Hospital, 753 A.2d 829, 832 (Pa. Super. 2000) (internal citations omitted). Our scope of review is plenary. National Cas.

---

[1] Tener's complaint alleges Pavinich is liable for damages for breach of contract, fraud, unfair trade practices and breach of his warranty of habitability. Tener Complaint, 8/15/2013, at 4-6.

Co. v. Kinney, 90 A.3d 747, 752 (Pa. Super. 2014). In reviewing a trial court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motion for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

Chenot v. A.P. Green Services, Inc., 895 A.2d 55, 61 (Pa. Super. 2006) internal citations and quotation marks omitted).

Preliminary, we observe that

> [i]n this Commonwealth, the pleadings must define the issues and thus every act or performance essential to that end must be set

forth in the complaint. The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses asserted in the case. This purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of deciphering the causes of action from a pleading of facts which obscurely support the claim.

While it is not necessary that the complaint identify the specific legal theory of the underlying claim, it must apprise the defendant of the claim being asserted and summarize the essential facts to support that claim. If a plaintiff fails to properly plead a separate cause of action, the cause he did not plead is waived.

Grossman v. Barke, 868 A.2d 561, 568 (Pa. Super. 2005).

Additionally, Pa.R.C.P. 1035.2 provides, in relevant part, as follows:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. See Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, (Pa. Super. 2007) (court may grant summary judgment only where right to such judgment is clear and free from doubt); see also Ducjai v. Dennis, 656 A.2d 102 (Pa. Super. 1995) (summary judgment is properly granted where pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, show that there is no genuine issue of material fact and that moving party is entitled to judgment as matter of law).

Instantly, Tener concedes that any work that was performed within the scope of Mark Pavinich's March 3, 2004 building permit would have been held to standards predating any building codes adopted thereafter.[2] Tener also acknowledges that the permitted work was evaluated and approved by relevant authorities, pursuant to the 2004 building codes, at the time the work was completed. Tener further acknowledges that any construction and/or renovations begun after April 9, 2004 would have been subject to the subsequent building code. However, Tener has proffered no evidence that any construction and/or renovations began after April 9, 2004. Rather, Tener points to what he characterizes as an inconsistency between the March 3, 2004 building permit, which values the estimated cost of renovation work at $10,000, and Mark Pavinich's answer to interrogatory 9(b):

_____

[2] The Uniform Construction Code ("UCC"), 35 P.S. §§ 7210.101-7210.1103, is Pennsylvania's state wide Building Code; however, the UCC was not adopted until April 8, 2004, thirty-six (36) days after Pavinich acquired the building permit to renovate the Property. Thus, the UCC does not apply to the renovation to the Property. Additionally, under the UCC, Pennsylvania adopted the International Code Council family of codes, which includes the International Building Code ("IBC"), the International Residential Code ("IRC") and the International Existing Building Code ("IEBC"), among others. The 2009 versions of the IBC, IRC and IEBC were effective when Tener began renovating the Property in 2013; similarly, they do not apply to Pavinich's 2004 renovation.

> b. How much money was spent on upgrading the two dwelling unit and spent on work done on the rest of the property?
>
> Answer:   About $100,000.00.[3]

Pavinich's Answers to Tener's First Set of Interrogatories, 11/03/14, at 5.

Tener avers that this perceived inconsistency constitutes evidence of a ten-fold increase in expenditures as compared with the original scope of the building permit, thus, raising a genuine issue of material fact as to whether work that was beyond the scope of the permit began after the adoption of the new building code regime.   Tener did not raise this issue in his pleading or in his answer to Pavinich's motion for summary judgment.   Grossman, supra. Rather, Tener initially relied on the theory that subsequent building code regimes adopted after March 3, 2004 should be applied retroactively to the work Pavinich completed in 2004.   However, for Tener's claims to succeed, the renovation undertaken by Pavinich must be in violation of the building code applicable at the time of Pavinich's 2004 renovation.   Subsequent building codes adopted following the acquisition of Pavinich's March 3, 2004 building permit are not applicable to the work Pavinich completed within the scope of that permit.   Moreover, Tener presents no evidence that Pavinich violated the building code applicable to the work he completed in 2004 and/or

_____

[3]  We note that Tener's broad question and Pavinich's vague response do not necessarily imply, as Tener alleges, that Pavinich's expenditures for renovating the third-story apartment amount to $100,000.00.   Nor does it imply that subsequent building codes would have been applicable to the disputed renovations paid for by this approximate sum.

that Pavinich completed work after April 9, 2004 that violated subsequent building codes. Therefore, his claim is meritless.

After review of the parties' arguments and the record, we find Tener presented no evidence therein of any violation of the building code applicable to Pavinich's 2004 renovation. Accordingly, the trial court properly granted summary judgment in Pavinich's favor. Chenot, supra.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2017